IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHWEST SHEET METAL WORKERS ORGANIZATIONAL TRUST; NORTHWEST SHEET METAL WORKERS WELFARE FUND; NORTHWEST SHEET METAL WORKERS PENSION FUND; NORTHWEST SHEET METAL WORKERS SUPPLEMENTAL PENSION TRUST; WESTERN WASHINGTON SHEET METAL TRAINING TRUST; NORTHWEST SHEET METAL LABOR MANAGEMENT COOPERATION TRUST; and SHEET METAL WORKERS LOCAL 66, <br><br> Plaintiffs, <br><br> v. <br><br> CRESCENT MECHANICAL, INC., <br><br> Defendant. | No.   2:18-cv-00382 <br><br> **COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF** |

**JURISDICTION AND VENUE**

1.  This is an action brought pursuant to Section 301 of the National Labor Relations Act, as amended (hereafter "the Act"), 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974 (hereafter "ERISA"), 29 U.S.C. § 1132. Jurisdiction and venue are conferred upon this Court by 29 U.S.C. § 185(a), 1132(a), (e) and (f).

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF – NO. 2:18-cv-00382   - Page 1

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW
1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

**PARTIES**

2. Plaintiff NORTHWEST SHEET METAL WORKERS ORGANIZATIONAL TRUST (hereafter "Northwest Organizational Trust") is a labor-management trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Northwest Organizational Trust is administered in the State of Washington from its place of business at 118 North Lewis Street, Suite 110, Monroe, WA 98272

3. Plaintiff NORTHWEST SHEET METAL WORKERS WELFARE FUND (hereafter "Welfare Trust") is a labor-management health and welfare trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Welfare Fund is administered in the State of Washington.

4. Plaintiff NORTHWEST SHEET METAL WORKERS PENSION FUND (hereafter "Pension Trust") is a labor-management pension trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Pension Fund is administered in the State of Washington.

5. Plaintiff NORTHWEST SHEET METAL WORKERS SUPPLEMENTAL PENSION TRUST (hereafter "Supplemental Pension Trust") is a labor-management pension trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Pension Fund is administered in the State of Washington.

Plaintiff WESTERN WASHINGTON SHEET METAL TRAINING TRUST (hereafter "Training Trust") is a labor management training fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF – NO. 2:18-cv-00382  - Page 2

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW
1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).  Plaintiff Training Trust is administered in the State of Washington.

7.  Plaintiff NORTHWEST SHEET METAL LABOR MANAGEMENT COOPERATION TRUST (hereafter "Cooperation Trust") is a labor-management trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).  Plaintiff Cooperation Trust is administered in the State of Washington.

8.  Plaintiff SHEET METAL WORKERS LOCAL 66 ("Local 66") is a labor organization.  It represents for purposes of collective bargaining persons who are employed in the construction and marine repair industries.  Those industries affect commerce within the meaning of the Act.

9.  Defendant CRESCENT MECHANICAL, INC., is a sheet metal contractor and is a party to a collective bargaining agreement with Sheet Metal Workers Local 66.  That industry affects commerce within the meaning of the Act.  Crescent Mechanical has employed or does employ persons represented by Local 66.  Crescent Mechanical 's principal place of business is 1320 26th St. NW, #16, Auburn, WA 98001.

**CLAIM FOR RELIEF**

10.  Plaintiffs incorporate by reference as though set forth fully herein paragraphs 1 through 9 above.

11.  The collective bargaining agreement between Defendant and Local 66 was in effect at all times material hereto.  By that agreement Defendant Crescent Mechanical became obligated to make monthly contributions to plaintiffs Welfare, Pension, and Supplemental Pension, Organizational, Cooperation and Training Trusts on behalf of employees represented by Local 66.

12.  Defendant has also agreed to and has received money from its Local 66 employees, as part of the employees' after-tax wages, which Defendant is and was obligated

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF – NO.  2:18-cv-00382        - Page 3

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW
1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

on a monthly basis to deposit into each employee's account, or submit to Local 66 as part of each employee's dues obligation. Defendant holds such money in trust.

13. Payments due to the Welfare, Pension, and Supplemental Pension, Organizational, Cooperation and Training Trusts, and the amounts of employees' after-tax wages held in trust by Defendant, are calculated pursuant to a contribution reporting form required to be prepared monthly by Defendant.

14. The completed contribution reporting form and accompanying payment are due at the Welfare office and address within fifteen (15) days after the end of each calendar month.

15. Beginning in July 2012 and continuing to date, Defendant has failed to timely make all contributions to Plaintiffs, and has incurred late fees for months in which it paid after the 15th of the following month, despite its obligation under the collective bargaining agreements to do so and despite demand by plaintiffs. As such, Defendant owes outstanding contributions, in violation of its obligations under the trust agreements and the collective bargaining agreement.

16. Unless ordered by this Court, Defendant will continue to refuse to pay to the Plaintiffs the contributions and late fees due them. As a result, Plaintiffs will be irreparably damaged.

17. In addition to the unpaid contributions and late fees, Plaintiffs are entitled to the following pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), and Section 301 of the Act, 29 U.S.C. § 185, as amended:

    (a) Interest on the untimely or delinquent contributions;

    (b) An amount equal to the greater of:

        (i) interest on the untimely contributions (hereinafter "interest"), or

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF – NO. 2:18-cv-00382     - Page 4

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW
1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

        (ii)    liquidated damages in an amount equal to 20% of the amount awarded as unpaid or delinquent contributions, as provided for in the Trust Agreement (hereinafter "liquidated damages"); and

    (c)    Reasonable attorneys' fees and the costs of this action.

18. A copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by ERISA, 29 U.S.C. § 1132(h).

WHEREFORE, plaintiffs demand judgment against the Defendant:

1. Obligating Defendant to pay to plaintiffs the full amount of contributions owing to them as well as late fees, with the proper amount of interest and with a penalty or liquidated damages as established by Section 502(g) of ERISA, 29 U.S.C. § 1132(g), the Trust Agreement, and the collective bargaining agreement;

2. Restraining and enjoining Defendant, its officers, agents, servants, attorneys, and all persons acting on its behalf or in conjunction with it from refusing to pay to plaintiffs all funds, including interest, penalties, and liquidated damages, due to them;

3. Requiring Defendant to pay to plaintiffs reasonable attorneys' fees and the costs of this action as set forth in Section 502(g) of ERISA 29 U.S.C. § 1132(g); and

4. Granting plaintiffs such further and other relief as may be just and proper.

DATED this 13th day of March, 2018.    MCKANNA BISHOP JOFFE, LLP

s/ Daniel Hutzenbiler
Daniel R. Hutzenbiler, WSBA No. 36938
Telephone: 503-821-0955
Email: dhutzenbiler@mbjlaw.com

/s/ Noah Barish
Noah T. Barish, WSBA No. 52077
Telephone: 503-821-0960
Email: nbarish@mbjlaw.com

Of Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF – NO. 2:18-cv-00382   - Page 5

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW
1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121